IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Xcentric Ventures, LLC, an Arizona limited liability corporation, and Jaburg & Wilk, P.C., a professional corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>Shawn Richeson,<br><br>    Defendant. | No. CV10-1931-PHX-NVW<br><br>**ORDER AND OPINION**<br><br>**[Re: Dockets 60, 67 and 68]** |

Before the Court is Defendant Richeson's "Motion for Summary Judgement Based on Deemed Admissions" (Doc. 60) and his "1st Amended Motion for Summary Judgment" (Doc. 68). The Court will deny these motions.

As the title suggests, Richeson's original motion relies entirely on Xcentric's lack of response to his requests for admission. Richeson's "amended" motion relies on the same requests for admission. "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . ." Fed. R. Civ. P. 26(d)(1). It appears that Richeson has not followed this Rule. Xcentric argues that it has not had a Rule 26(f) conference with Richeson, and Richeson's only reply is that "Richeson and Speth had conferred as required under 26(f) on Friday the 22nd day of October 2010." (Doc. 62 at 3.) But the only communication in the record between Richeson and Speth on October 22 was

1  an e-mail exchange to which Richeson attached his requests for admission and stated, "I
2  understand some of my discovery requests may be premature and obviously we have not
3  concluded our 26F hearing." (Doc. 61 at 10.) Speth did not agree to obtain responses
4  anyway, but rather replied, "[W]e still have to wait until discovery opens." (*Id.*) If Richeson
5  and Speth had actually held a Rule 26(f) conference on October 22, then they should have
6  submitted their proposed discovery plan within 14 days of that conference. Fed. R. Civ. P.
7  26(f)(2). No such report appears on the docket.
8      The Court therefore finds that Richeson served his requests for admission before the
9  Federal Rules of Civil Procedure permitted him to do so. Accordingly, Xcentric had no
10 obligation to respond, *see*, *e.g.*, *Wada v. U.S. Secret Service*, 525 F. Supp. 2d 1, 10–11
11 (D.D.C. 2007), and the Court will not deem the requests admitted. Absent such admitted
12 requests, Richeson cannot show the lack of a genuine dispute over a material fact, and
13 summary judgment must be denied.
14     The Court will also deny summary judgment for failure to specify the claims for
15 which Richeson seeks judgment. Richeson's motion asks for judgment "resolving
16 Richeson's causes of action against Xcentric." (Doc. at 5.) His only cause of action is a
17 RICO counterclaim. (*See* Doc. 48.) But Richeson has since withdrawn that counterclaim.
18 (Docs. 63, 64.)
19     In his reply in support of summary judgment, Richeson offered two potential
20 arguments that his motion is not moot. First, he attached an e-mail he sent to Speth stating
21 that he is "looking for a final summary judgment in the capacity of defendant" (Doc. 62 at
22 8), suggesting that he now asks the Court to enter summary judgment in his favor on
23 Xcentric's claims. Second, in the reply itself, he asked the Court to "wrap these deemed
24 admissions around any legal doctrine that applies and enter an appropriate order using the
25 same." (*Id.* at 6.)
26     The Court cannot grant summary judgment in the abstract. Richeson must show an
27 absence of genuine dispute over a material fact as it relates to an element of a claim or
28

1  defense. The Court cannot begin that analysis without knowing the claim or defense on
2  which Richeson seeks judgment. Further, this Court has no duty to search for a legal
3  doctrine that would entitle Richeson to judgment. Accordingly, the Court will deny summary
4  judgment for this reason as well.

5        After summary judgment briefing closed, Richeson filed his "1st Amended - Counter
6  Claim Against Xcentric Ventures LLC. 18 USC 1512 - Witness Tampering." (Doc. 67.)
7  Richeson may not file amended counterclaims without leave of the Court. Fed. R. Civ. P.
8  15(a)(2). The Court will therefore strike this document.

9        Finally, the parties' summary judgment briefs show that Richeson has mailed
10 pleadings directly to Speth's home address without her consent. (Doc. 61 at 7–8; Doc. 62
11 at 7.) The Court has previously warned Richeson about calling attorneys or parties on their
12 home telephone numbers (Doc. 37 at 10), and the Court similarly warns Richeson that
13 mailing litigation-related documents to parties' or their attorneys' home addresses is not
14 appropriate absent consent or extraordinary circumstances.

15       IT IS THEREFORE ORDERED that Richeson's "Motion for Summary Judgement
16 Based on Deemed Admissions" (Doc. 60) is DENIED.

17       IT IS FURTHER ORDERED that Richeson's "1st Amended Motion for Summary
18 Judgment" (Doc. 68) is DENIED.

19       IT IS FURTHER ORDERED that Richeson's "1st Amended - Counter Claim Against
20 Xcentric Ventures LLC. 18 USC 1512 - Witness Tampering" (Doc. 67) is STRICKEN.

21       DATED this 15th day of December 2010.

23       /S/
24       JOHN W. SEDWICK
      UNITED STATES DISTRICT JUDGE